## AMERICAN SMELTING & REFINING CO. v. MALOY et al.

### No. 13738.

United States Court of Appeals
Fifth Circuit.

Sept. 18, 1952.

James M. Goggin, El Paso, Tex., R. Worth Vaughan, New York City, for appellant.

Carroll W. Smith, El Paso, Tex., Wayne C. Whatley, LaFel E. Oman, William Byron Darden, Las Cruces, N. M., Claude Williams, Dallas, Tex., Ernest Guinn, Eugene T. Edwards, J. L. Rasberry, El Paso, Tex., for appellees.

Before HOLMES, BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Pursuant to Fed.Rules Civ.Proc. rule 73(b), 28 U.S.C.A., the appellant gave notice of appeal from that portion only of the final judgment awarding recovery with interest and costs to the plaintiff, Rufina Maloy. No appeal was taken from the judgment entered upon a directed verdict in favor of the third party defendant, Bauman Electric and Neon Company, Inc. The judgment of this court reversing and remanding the cause for a new trial is therefore reformed so as to be without effect upon the judgment in favor of said third party defendant.

The appellee, Rufina Maloy, petitions the court not to tax costs against her and to permit her to further proceed in this cause in *forma pauperis*, see 28 U.S.C.A. § 1915. In support of that petition she submits affidavits that she is unable to pay the costs or to give security therefor; that the costs thus far incurred and paid by her have been so paid with funds which she did have or was able to borrow; that the only benefits which she has received under the Workmen's Compensation Law on account of the death of her husband, Percy J. Maloy, were weekly installments of $25.-

00 which were terminated as of about August 13, 1950; that since the death of her husband on June 27, 1948 the petitioner has been the sole means of support for her father and mother, aged 85 and 78 years respectively, except for old age assistance benefits in the total amount of $66.00 per month; and that the petitioner's weekly earnings are $42.00.

In opposition to that petition, the appellant points out that the intervenor, Lumbermen's Mutual Casualty Company, is entitled to subrogation to a portion of any judgment that may be rendered in favor of the plaintiff, Rufina Maloy, and further that her attorneys are to participate in the amount of any such judgment under a contingent fee contract. Neither of these objections to the petition is valid, Adkins v. E. I. Du Pont De Nemours & Co., 335 U.S. 331, 340, et seq., 69 S.Ct. 85, 93 L.Ed. 43. It is therefore ordered that the appellee-plaintiff, Rufina Maloy, be authorized to continue the prosecution of her action without prepayment of the cost of appeal, or of other fees and costs, or the giving of security therefor. The petition for rehearing in all other respects is denied.